IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-00167-DME-PAC

DARRELL GRANT STOFFELS,

        Petitioner,

v.

PATRICK HEGARTY, Internal Revenue Special Agent, United States; INTERNAL REVENUE COMMISSIONER, United States; WELLS FARGO BANK, Custodian of Records,

        Respondents.

---

## ORDER

---

On January 23, 2007, petitioner Darrell Grant Stoffels filed a *pro se* petition to quash a third-party summons issued by the Internal Revenue Service ("IRS") to Wells Fargo Bank seeking records relating to Mr. Stoffels' accounts.   After reviewing Mr. Stoffels' arguments and the IRS's response, this court has determined that Mr. Stoffels has failed to carry the heavy burden of demonstrating that the IRS summons lacks institutional good faith or constitutes an abuse of the court's process.  We therefore DISMISS Mr. Stoffels' petition to quash.

## I.	Facts and Procedural Posture

The IRS is currently conducting an investigation into the federal income tax liabilities of Mr. Stoffels and his business entity, Life Enhancement Resources Health Ministry.  According to the IRS, the purpose of the investigation is to "determine [Mr.

Stoffels'] correct federal income tax liabilities . . . for the taxable years 2002 through 2005 as well as to determine whether he may have committed any offense connected with the administration or enforcement of the internal revenue laws."  Special Agent Patrick C. Hegarty is the IRS Special Agent assigned to this investigation.

During his investigation, Special Agent Hegarty learned that Wells Fargo Bank may possess information and/or records relevant to the IRS investigation of Mr. Stoffels. As a result, Special Agent Hegarty issued a third-party summons to Wells Fargo on January 4, 2007 and, on the same date, sent notice of the summons to Mr. Stoffels' residence via certified mail, return receipt request.  On January 8, 2007, Special Agent Hegarty personally served an attested copy of the summons on Wells Fargo.  The summons directed a representative of Wells Fargo to appear at a specified address on January 29, 2007, and produce certain records relating to Mr. Stoffels' accounts.

On January 23, 2007, Mr. Stoffels filed a Petition to Quash Summons ("Petition") pursuant to the procedures specified in 26 U.S.C. § 7609.  Mr. Stoffels' Petition contends that the summons was issued for an impermissible purpose, that the IRS has already referred Mr. Stoffels' case to the Justice Department for criminal prosecution, that the summons was not issued for a legitimate purpose, and that the IRS did not comply with administrative requirements in issuing and serving the summons.  The Petition also seeks discovery to develop Mr. Stoffels' argument that the summons should be quashed.

On the appointed day, Wells Fargo did not comply with the summons; no representative appeared and none of the requested records have yet been produced. The IRS now seeks dismissal of Mr. Stoffels' Petition.

## II.   Discussion

For an IRS administrative summons to be enforceable,[1]

> the government must first show that the IRS has not made a referral of the taxpayer's case to the Justice Department for criminal prosecution.  The government then must show that the IRS is proceeding in good faith by demonstrating: (1) that the investigation will be conducted pursuant to a legitimate purpose; (2) that the inquiry will be relevant to that purpose; (3) that the information sought is not already in the possession of the IRS; and (4) that the summons was issued in compliance with the administrative steps required by the Internal Revenue Code.

Anaya, 815 F.2d at 1377 (citations omitted).  Once the government has met this "slight" burden, the taxpayer assumes the "heavy" burden to "establish any defenses or . . . prove that enforcement would constitute an abuse of the court's process."  Balanced Fin. Mgmt., Inc., 769 F.2d at 1443-44.   Appropriate defenses the taxpayer may invoke include (1) that the summons issued after the IRS had already recommended criminal prosecution to the Justice Department; (2) that the summons was issued in bad faith; (3) that the IRS already had possession of the materials sought in the summons; or (4) that the materials sought in the summons are protected by a traditional privilege, such as the attorney-client privilege or the work-product doctrine.  United States v. Riewe, 676 F.2d 418, 420 n.1 (10th Cir. 1982).

---

[1]Cases discussing the procedure and burdens for challenging an IRS summons have most often occurred in the context of an action, brought by the IRS, to enforce the summons.  See United States v. Powell, 379 U.S. 48 (1964); United States v. Balanced Fin. Mgmt., Inc., 769 F.2d 1440, 1443 (10th Cir. 1985).  However, the same analytical framework applies when the action is a petition to quash an IRS summons brought by a taxpayer.  See Anaya v. United States, 815 F.2d 1373, 1375 (10th Cir. 1987); see also Cook v. United States, 104 F.3d 886, 889 (6th Cir. 1997).

Accordingly, we begin by considering whether the IRS has met its burden to show that it has not referred Mr. Stoffels' case to the Justice Department, and that its third-party summons was issued in good faith. We then proceed to consider Mr. Stoffels' challenges to the summons.

### A.     Special Agent Hegarty's affidavit

The IRS can generally meet its burden to show good faith and the lack of a referral to the Justice Department by producing an affidavit of the Special Agent who issued the summons. Codner v. United States, 17 F.3d 1331, 1332-33 (10th Cir. 1994); Balanced Fin. Mgmt., Inc., 769 F.2d at 1443. Here, the IRS provides an affidavit by Special Agent Hegarty indicating that "[n]o Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect with respect to [Mr. Stoffels] for the years being examined."[2]  The affidavit also states that (1) "[t]he purpose of the investigation is to determine the taxpayer's federal income tax liabilities and to determine whether the taxpayer committed any offense connected with the administration or enforcement of the internal revenue laws"; (2) "[t]he testimony and materials sought by the summons may be relevant" to these purposes; (3) although the IRS is in possession of some of Mr. Stoffels' account statements, it is "not able to determine if the records it possesses

_____

[2] 26 U.S.C. § 7602(d) provides that the IRS may not issue a summons if a referral to the Justice Department is in effect, and defines that such a referral is in effect if:

> (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or
> (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

are complete and/or accurate without the information requested by the summons"; and (4) "[a]ll administrative steps required by the Internal Revenue Code for the issuance of the summons have been followed."

Based on this affidavit, the IRS has satisfied its minimal burden to show good faith and the lack of a referral to the Justice Department.  See Balanced Fin. Mgmt., Inc., 769 F.2d at 1443 n.1.  We therefore proceed to consider Mr. Stoffels' challenges to the summons.

### B.    Mr. Stoffels' allegations and evidence

Mr. Stoffels bears a heavier burden in attempting to show the IRS's lack of good faith or that the summons constitutes an abuse of the court's process.  In particular,

> [i]n responding to the Government's showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit.  Legal conclusions or mere memoranda of law will not suffice.  Allegations supporting a "bad faith" defense are . . . insufficient if conclusory.  [I]f at this stage the taxpayer cannot refute the government's *prima facie* [good faith] showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.

Balanced Fin. Mgmt., Inc., 769 F.2d at 1444 (quotations, citations omitted).  We consider below whether each of Mr. Stoffels' contentions satisfies this burden.

*First*, Mr. Stoffels contends that the IRS has already made a formal recommendation to the Justice Department that Mr. Stoffels be criminally prosecuted. As evidence, he points to a "Search and Seizure Warrant" for his residence which was served and executed on December 14, 2006, and which sought "fruits, instrumentalities and evidence of federal criminal offenses, including Title 26 United States Code § 7201 and § 7203 as well as Title 42 United States Code § 408."  According to Mr. Stoffels,

-5-

"[t]he United States Attorney had to fill out an application in order to obtain the warrant,"
and this presents evidence that the IRS had referred his case to the Justice
Department.

However, the warrant — a copy of which Mr. Stoffels attached to his Petition —
does not evidence any involvement by the United States Attorney or Justice
Department.  It explicitly states that probable cause for the warrant was based on an
affidavit by Special Agent Hegarty, and it is signed only by a United States magistrate
judge.  Indeed, Mr. Stoffels contradicts his own assertion that a referral to the Justice
Department has occurred; in the very next sentence of his Petition, he alleges that the
IRS "is delaying in submitting a formal recommendation to the Department of Justice in
order to gather additional evidence . . . ," thus acknowledging that the IRS has not yet
made such a recommendation.  Mr. Stoffels' evidence is therefore inadequate to
demonstrate that a referral to the Justice Department was in effect when the summons
issued.

*Second*, Mr. Stoffels contends that the summons was issued for "the
impermissible purpose of gathering evidence solely for a [c]riminal [i]nvestigation . . . ."
He cites United States v. LaSalle National Bank, 437 U.S. 298 (1978), and United
States v. Genser, 582 F.2d 292 (3d Cir. 1979), arguing that "the IRS simply does not
have the authority to [s]ummon those particular third-party records which would be used
only in criminal prosecutions."

Mr. Stoffels' argument may have prevailed prior to 1982.  However, in that year,
Congress passed the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"),
Pub.L. 97-248, 96 Stat. 324 (1982), which amended the IRS's authority to issue

summonses pursuant to 26 U.S.C. § 7602 to include summonses with "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b). In this provision of TEFRA, "Congress intended to provide the IRS the authority to issue a summons . . . 'even when the criminal investigation is the sole investigation.'" United States v. Schmidt, 816 F.2d 1477, 1481 n.4 (10th Cir. 1987) (emphasis added) (quoting Joint Committee on Taxation, Annual Expansion of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act, 97th Cong. 2d. Sess. at 234-236 (1982), reprinted in Internal Revenue Act, 1982, Text and Legislative History, at 1182-85 (West 1983)); accord Anaya, 815 F.2d at 1377 ("Although pre-referral use of the administrative summons is restricted to the good faith limitation in Powell, good faith is not abandoned when a summons is used to gather evidence for a criminal investigation.").

Thus, under the current version of the Internal Revenue Code, investigation of criminal violation of federal tax laws is within the legitimate purposes of an IRS summons, and Mr. Stoffels' arguments to the contrary are unavailing.

*Third*, Mr. Stoffels argues that the information sought by the summons is "too broad and too sweeping in detail" to be relevant to the purpose of the IRS investigation and is already within the possession of the IRS. He fails, however, to elaborate on either of these arguments so as to explain why his bank records are irrelevant to an investigation of his tax liability, or why he believes that the IRS already possesses these records. As such, Mr. Stoffels fails to satisfy his burden to oppose factually the IRS' evidence of its good faith. See Balanced Fin. Mgmt., Inc., 769 F.2d at 1447 (holding that a statement of purpose in an IRS special agent's affidavit is sufficient to

demonstrate the relevance of a summons); id. at 1444 (holding that "[l]egal conclusions or mere memoranda of law will not suffice" to overcome a showing of good faith in an IRS special agent's affidavit ).

*Fourth*, Mr. Stoffels argues that Special Agent Hegarty failed to comply with the procedural requirements for a third-party summons as laid out in the Internal Revenue Code.  While he references 26 U.S.C. §§ 7602, 7603, 7605 and 7609 generically, Mr. Stoffels fails for the most part to specify how he believes the summons to have been defective, noting only that "the summons is patently defective on its face, filled out incorrectly by an unauthorized person, and served incorrectly for an improper purpose" and "violates the notice and hearing requirements."  These allegations are simply frivolous.  Special Agent Hegarty is an authorized party who may issue an administrative summons without a superior's approval.  See Codner, 17 F.3d at 1333. His affidavit included, as an appendix, a certificate of service indicating that his service of the summons and provision of notice to Mr. Stoffels conformed to §§ 7603 and 7609's requirements, and the summons itself appears to be properly completed.

Mr. Stoffels' only specific procedural challenge to the summons alleges that it was not properly "attested," as required by 26 U.S.C. § 7603, because "it is neither notarized nor properly worded."  In this context, however, § 7603 only requires delivery of an "attested copy" to the third-party recordkeeper, not to Mr. Stoffels; thus, if his complaint refers to the copy of the summons he received, his argument is clearly without merit.  Codner, 17 F.3d at 1333.  In addition, an "attested copy" of the summons need not be notarized or contain particular wording, but need only have "been examined and compared with the original, with a certificate or memorandum of its correctness,

-8-

signed by the persons who have examined it."  Id. at 1333 n.3.  Special Agent Hegarty's affidavit confirms that the copy of the summons he delivered to Wells Fargo was attested, and as an attachment includes a signed certificate of service indicating that the copy of the summons delivered to Wells Fargo "contained the attestation required by § 7603."  Mr. Stoffels therefore fails to overcome the IRS's evidence that Special Agent Hegarty conformed to all of the procedural requirements for a third-party summons.

*Fifth*, Mr. Stoffels argues that the summons seeks information "of a private nature and . . . not intended to be given to parties not authorized by Petitioner," and therefore violates his "person, privacy, Constitutional Rights and his Natural Rights."  However, it is well established that there is no "bank-depositor privilege" that applies to bank records, since the account holder has no proprietary interest in a bank's records and has no valid expectation of privacy in them.  United States v. Brown, 600 F.2d 248, 255-56 (10th Cir. 1979); United States v. Continental Bank & Trust Co., 503 F.2d 45, 49 (10th Cir. 1974).  The IRS did not violate any of Mr. Stoffels' rights by issuing a summons for his bank records.

*Sixth*, and finally, Mr. Stoffels requests the opportunity for discovery and states his intention to file, presumably based on this discovery, an affidavit detailing the IRS's lack of a civil purpose and pre-existing institutional commitment to prosecute.  "[A]s a general rule, discovery is available in summons enforcement proceedings only in extraordinary situations."  Balanced Fin. Mgmt., Inc., 769 F.2d at 1445 (quoting United States v. Southern Tanks, Inc., 619 F.2d 54, 56 (10th Cir. 1980) (per curiam)).   Thus, "it is . . . clear that the taxpayer must make a substantial preliminary showing before even limited discovery need be ordered."  Id. (quotation and citation omitted).

-9-

Here, Mr. Stoffels has manifestly failed to demonstrate abuse of this court's process or the IRS's power to issue summonses.  As laid out above, his allegations are uniformly without merit and, in several instances, border on — or even cross over into — frivolousness.  He claims to seek discovery only to demonstrate that the IRS's summons was intended as part of a criminal investigation — a purpose that is entirely legitimate under 26 U.S.C. § 7602(b).  See Schmidt, 816 F.2d at 1481 n.4.  He has therefore failed to make a "substantial preliminary showing" of abuse and is not entitled to discovery.

For the foregoing reasons, this court concludes that the IRS has satisfied its burden to show good faith and the lack of a referral to the Justice Department, and that Mr. Stoffels has failed to satisfy his burden to refute this showing or otherwise demonstrate an abuse of this court's process.  IT IS THEREFORE ORDERED that Mr. Stoffels' Petition to Quash Summons be dismissed with prejudice.

Dated this 5th day of April, 2007.

BY THE COURT:

/s/ David M. Ebel
_____
UNITED STATES CIRCUIT JUDGE

-10-